T. ALLISON MOORE, Plaintiff, *v.* LOUISE A. LYON, Defendant.*

Supreme Court, Erie County, October 19, 1939.

---

* Affd., 259 App. Div. 1067.

*Merton S. Gibbs,* for the plaintiff.

*John T. Walsh,* for the defendant.

HARRY L. TAYLOR, Official Referee. Plaintiff brings this action to enforce a restrictive covenant in a deed whereunder defendant obtained title to a lot fifty feet wide located in the town of Grand Island, Erie county, between the so-called River road and the southerly bank of the east branch of the Niagara river. The restriction reads as follows: " Said premises shall be used for private residence purposes only: Only one single dwelling shall be erected on said lot, and shall cost not less than $2500.00, and shall be located not less than 30 feet from the now River Bank, and at least 5 feet from side lot lines: Only one private garage shall be erected on premises."

Defendant has erected on the lot six feet from its northerly side a building twenty-three feet deep northeast by southwest and twelve feet wide. It is conceded that this building cost less than $2,500. It stands on cement blocks twelve to fourteen inches high and its northeasterly end is about fifteen feet from the edge of the upper bank and about fifty-five to sixty feet from the water's edge.

The specifications for obtaining the first building permit indicated a " summer house — number of people to be housed — two — building to cost $200.00." Upon receiving a protest defendant obtained a new permit describing the building as a garage. The building has been adjusted so that an automobile can be placed in it but it has never been really used as a garage. It has not been used for sleeping purposes. So far as I can gather, it has been used to accommodate defendant and his friends as headquarters during the fishing and bathing season and for general summer house purposes. With an appreciation of what the words "River Bank" have been held to mean (*Halsey* v. *McCormick*, 13 N. Y. 296, 297; *City of Geneva* v. *Henson*, 195 id. 447, 463; *Stewart* v. *Turney*, 237 id. 117, 129), I have concluded that in this case — considering the character and contour of the terrain involved and the plan which plaintiff clearly had in mind — the words " now River Bank " did not mean the water's edge but the edge of the upper bank.

I find that this building cannot fairly be classed as a " single dwelling." (See the opinion of Justice THOMAS in *Barnett* v. *Vaughan Institute,* 119 N. Y. Supp. 45, 46; 134 App. Div. 921; affd., 197 N. Y. 541.) Perhaps defendant intends to use it some time as a garage to accommodate occupants of a " single dwelling " to be erected on the lot. Now it is fair, I believe, to characterize the structure as a " summer house."

Under this set of circumstances, I find warrant in the opening words of the restrictive covenant for granting judgment to plaintiff. " Said premises shall be used for private residence purposes only." I have no hesitancy in concluding that the letter and spirit of these words have been violated. I find them to mean that neither a private garage nor a summer house may be constructed on this lot nearer than thirty feet southerly from the " now River Bank " as I hereinbefore construe those words — and also that neither of such buildings may be constructed on this lot unless cotemporaneously with or after the construction of a " single dwelling " thereon. That is to say, the utilization of the present structure must be subordinate to the use of the lot for " private residence purposes." That sort of a use is a *sine qua non* as to the building in question.

Such a determination would require the razing and removal of this building. However, in view of the position taken by plaintiff's counsel in his brief, I reach the conclusions (1) that within sixty days defendant shall remove said building from the lot or move it back so that it shall all be at least thirty feet from the " now River Bank;" (2) that the building shall not be utilized for any purpose until it can be used in conjunction with a " single dwelling " erected on the premises in conformity with the restrictive paragraph in the deed; (3) that if such a dwelling be not erected within one year and made ready for occupancy, the present building shall be removed from the premises.

Plaintiff may present a formal decision for my approval. I award costs to plaintiff.